UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON N. LUPERCIO,<br><br>   Petitioner,<br><br>   v.<br><br>MACARIO MENDOZA,<br><br>   Respondent. | No.  1:21-cv-00935-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 13) |

Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  On June 17, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed as an unauthorized second or successive petition.  (Doc. No. 13.)  Specifically, the findings and recommendations note that this is petitioner's seventh petition seeking federal habeas relief with respect to the same 2003 conviction petitioner suffered in state court.  (*Id.* at 2.)  These findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service of that order.  (*Id.* at 3.)  On June 24, 2021, petitioner filed objections to the pending findings and recommendations.  (Doc. No. 17.)

1         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
2   *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's
3   objections, the court concludes that the magistrate judge's findings and recommendations are
4   supported by the record and proper analysis.  To proceed on a second or successive petition,
5   petitioner was required to first obtain leave from the Ninth Circuit before proceeding.  (*See* Doc.
6   No. 13 at 3 (citing 28 U.S.C. § 2244(b)).)  Here, petitioner has not sought authorization from the
7   Ninth Circuit for any of his subsequently filed petitions including the one now pending before the
8   court and thus, his petition must be dismissed.

9         In addition, the court declines to issue a certificate of appealability.  A state prisoner
10  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of
11  his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537
12  U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  A successive petition under 28 U.S.C. § 2255 that is
13  disguised as a § 2241 petition required a certificate of appealability.  *Harrison v. Ollison*, 519
14  F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).  If a court
15  denies a petitioner's petition, the court may only issue a certificate of appealability when a
16  petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. §
17  2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists
18  could debate whether (or, for that matter, agree that) the petition should have been resolved in a
19  different manner or that the issues presented were 'adequate to deserve encouragement to proceed
20  further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.
21  880, 893 (1983)).

22        In the present case, the court finds that petitioner has not made the required substantial
23  showing of the denial of a constitutional right to justify the issuance of a certificate of
24  appealability.  Reasonable jurists would not find the court's determination that petitioner is not
25  entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to
26  proceed further.  Thus, the court DECLINES to issue a certificate of appealability.
27  /////
28  /////

Accordingly, the court orders as follows:

1. The findings and recommendations, filed June 17, 2021 (Doc. No. 13), are ADOPTED IN FULL;

2. The petition for writ of habeas corpus is DISMISSED;

3. The Clerk of the Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to ENTER JUDGMENT and close the case; and,

4. The court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 30, 2021**  
                                                 UNITED STATES DISTRICT JUDGE